UNITED STATES of America, Appellee,

v.

**Edward BISHOP, Appellant.**

No. 76–1096.

United States Court of Appeals,
Fourth Circuit.

Submitted March 8, 1976.

Decided April 29, 1976.

Leslie L. Gladstone, Baltimore, Md., on brief for appellant.

Jervis S. Finney, U. S. Atty., Daniel M. Clements and Gerard P. Martin, Asst. U. S. Attys., Baltimore, Md., on brief for appellee.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

Edward Bishop moves for modification of the terms of his release, i. e., a stay of probation, pursuant to Rule 9(b), F.R.A.P. Because of the novelty of the questions presented, the motion has been referred to a panel of the court rather than decided by a single circuit judge pursuant to Rule 27(c), F.R.A.P. We vacate the district court's order denying a stay of probation and remand the case for further proceedings.

### I.

Convicted of conspiracy to violate the Internal Revenue laws by attempting to cause to be filed a false statement of income, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 371, defendant was sentenced to imprisonment for a period of three years. Service of the sentence was suspended, however, and defendant was placed on probation for a like period upon the usual conditions of probation and the special conditions that the defendant remain gainfully employed, that he not frequent any racetrack or other type of gambling establish-

ment, and that he not place any bets of any kind. Defendant alleges that he was gainfully employed as a handicapper of horses in 1975 and earned substantial income.

Defendant filed a notice of appeal on December 12, 1975, and he sought a stay from the district court of the conditions of probation pending appeal. The motion for a stay was denied without a statement on the part of the district court of its reasons for the denial. The district court's denial also omitted any statement specifying when the term of probation would commence.

In his motion, defendant attacks the validity of the order denying the stay because it omits a statement of the reasons for such denial and a statement fixing the date on which probation shall begin. A third contention is that the special conditions of probation insofar as they limit defendant's future employment, by prohibiting attendance at a racetrack and defendant's placing of bets, were beyond the authority vested in the district court by 18 U.S.C. § 3651. We think that defendant's first two contentions are meritorious. We reject the third.

### II.

■ We agree with defendant that the district court's order denying a modification of the stay was deficient in its failure to state a reason for the denial. Rule 9(b), F.R.A.P., relating to release pending appeal from a judgment of conviction, plainly provides that "[i]f the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken." Denial of a stay of Bishop's probation order certainly imposes "conditions of release" pending appeal in the ordinary meaning of that phrase.

It may be argued that Rule 9 should not be given its literal meaning because the phrase "conditions of release" refers only to conditions under the Bail Reform Act, 18 U.S.C. § 3146(a), which are made applicable to applications for release pending appeal by 18 U.S.C. § 3148. Rule 38(a)(2), F.R. Cr.P., explicitly invokes Fed.R.App.P. 9(b), where a stay of a sentence of imprisonment

is involved, whereas Rule 38(a)(4), dealing with probation, contains no such reference.

Under the latter subsection, the court must either impose probation pending appeal or fix conditions for a stay of probation under the Bail Reform Act. 1972 Committee Note to Rule 38(a), 8A Moore's Federal Practice ¶ 38.01[4]. If a district court takes the latter course and imposes some conditions under 18 U.S.C. § 3146(a), then, even under this theory, Rule 9(b) would require a written statement of reasons. It is hard to rationalize a reading of Rule 9(b) which would require a written statement of reasons for conditions for a stay of probation but not for denial of such a stay.

 It is clear that the drafters of Rule 38(a) viewed the imposition of probation and a conditional stay of the imposition of probation as substantial equivalents. After pointing out that immediate imposition of probation may be socially desirable, the Committee Note to the rule states:

> Under 18 U.S.C. § 3148 the court now has discretion to impose conditions of release which are necessary to protect the community against danger from the defendant. [In fact, one such condition is that the individual be committed to the supervision and custody of a designated person or organization, 18 U.S.C. § 3146(a)(1).] This is in contrast to release prior to conviction, where the only appropriate criterion is insuring the appearance of the defendant. 18 U.S.C. § 3146. Because the court *may impose conditions of release* to insure community protection, it seems appropriate to enable the court *to do so by ordering* the defendant to submit to *probation* supervision during the period of appeal, thus giving the probation service responsibility for supervision. (Emphasis added.)

This language thus suggests that the imposition of probation pending appeal is a "condition of release" for which reasons must be assigned under Rule 9(b).

We therefore conclude that the district court is required to state reasons in writing for its declination to modify the conditions of Bishop's release pending appeal.

## III.

 As to Bishop's second contention, Rule 38(a)(4), F.R.Cr.P., makes it absolutely clear that when a stay of probation is denied, the court shall specify when the term of probation shall begin. The government, in its opposing brief, assumes that when a sentence of probation is imposed which is not stayed, it will always begin at the time of sentencing. If such was the case, then the requirement of the rule would be superfluous. The rule plainly contemplates that in some cases probation will not be stayed, yet will not begin immediately. Bishop deserves to have the point clarified, for when probation begins will determine when it *ends*. Thus, the record should explicitly reflect the starting date.

## IV.

 We see no merit in Bishop's contention that the district court lacked the power to order him not to frequent racetracks or place bets as conditions of probation. The permissible conditions listed in the section are not exclusive; they are simply "among the conditions" which may be imposed. On the facts of this case, imposition of the conditions of probation which defendant attacks did not represent any abuse of discretion on the part of the district court. This conclusion does not militate, however, against the earlier conclusion that reasons must be assigned for requiring those conditions to be imposed pending appeal.

The order of the district court denying the modification is vacated and the case remanded to the district court for the purpose of remedying the two defects in its order in accordance with the foregoing.

*VACATED AND REMANDED.*