UNITED STATES of America,
Plaintiff-Appellee,

v.

Jorge A. JIMENEZ, Defendant-Appellant.

No. 78–5388.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1979.

GODBOLD, Circuit Judge:

Jimenez appeals from conviction for passing counterfeit bills.

While at Disney World and accompanied by his cousin, Jimenez made small purchases at several shops, paying for each with a counterfeit $50 bill. Jimenez was arrested at Disney World. His cousin, who was with Jimenez at the time of the arrest, was also detained by guards but was not charged with any crime. Twenty-four hours after the cousin was released, a packet of counterfeit $50 bills identical to those allegedly passed by Jimenez was found hidden behind a locker in the room where the cousin had been held. The district court admitted this packet at trial, with instructions that it was relevant to defendant's intent.

■ Admission of the packet was not error. An attempt by a suspect to abandon counterfeit money when capture is imminent is relevant evidence from which a jury may infer guilty knowledge. *U. S. v. Sink,* 586 F.2d 1041, 1049 (CA5, 1978). Evidence was introduced tying the abandoned packet of bills to the cousin and tying the cousin to the defendant, so that the packet made it more likely that Jimenez and the cousin were cooperating in a scheme to pass the phony bills.

Jimenez contends that the evidence was not admissible because Fed.R.Evid. 404(b) applies only to other crimes committed by the person charged. We need not discuss whether the evidence comes under 404(b), which is a limitation on admissibility, because it was admissible under Fed.R.Evid. 402.

The packet was not excludible on the ground that its alleged prejudicial effect outweighed its probative value. Because it was relevant to show a common plan between Jimenez and the cousin it was not prejudicial at all.

On the date of Jimenez's arrest a magistrate appointed counsel to represent him. Three days later Jimenez filed an affidavit showing indigency. After conviction, on

Norman L. Hull, Orlando, Fla. (Court-appointed), for defendant-appellant.

Robert A. Leventhal, William F. Duane, Asst. U. S. Attys., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, SIMPSON and RONEY, Circuit Judges.

motion of the government that the court reconsider the order appointing counsel, the court conducted a hearing on Jimenez's financial status and concluded that Jimenez had not been indigent when his affidavit was filed and that appointment of counsel was error. The court also found that Jimenez could have afforded to pay for the court-appointed interpreter provided at trial. However, the court found that since the trial Jimenez had become indigent and "cannot currently afford to pay an attorney's fee incurred in the future."

Jimenez was given two years confinement on counts 1 and 3, concurrent. On counts 4 and 5, he was fined $250 on each count, imprisonment was suspended, and he was placed on probation for four years consecutive to the imprisonment imposed under counts 1 and 3, but with a special condition of probation that he should reimburse the government for the costs of his court-appointed counsel in the district court and for the services of the interpreter, in monthly installments and within the first 40 months of the probation imposed.

 The condition of repayment was improper. The government seeks to find authority in 18 U.S.C. §§ 3006A(c) and (f). Subsection (c) provides:

If at any time after the appointment of counsel the United States magistrate or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

Subsection (f) provides:

Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to . . . the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of

payment, to carry out the provisions of this section.

These sections do not purport to deal with the situation presented by this case. Subsection (c) covers finding, after counsel has been appointed, that the defendant *is able* to pay (in whole or part) for his representation; if so, it may terminate the appointment or authorize payment as provided in subsection (f). Under (f), on a finding that funds "are available," defendant may be required to pay them to the Treasury as reimbursement. Both subsections are in the present tense, that is, are in terms of current ability to pay, [subsection (c)] and current availability of funds [subsection (f)]. The finding that Jiminez had become indigent precluded the order to repay.[1]

 The government suggests no other basis for the reimbursement imposed as a condition of probation, and we know of none. 18 U.S.C. § 3651 lists three monetary payments on which probation may be conditioned—fines, restitution to aggrieved parties, and support payments to dependants. Repayment of court-appointed counsel is not listed among these conditions. The First Circuit, in *U. S. v. Santarpio*, 560 F.2d 448, 455 (CA1), *cert. denied*, 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977), held that conditioning probation on repayment of court-appointed counsel is a "fine" within the meaning of § 3651. We disagree with this reading. "Fine" should be limited to monetary penalties that are provided for in criminal statutes. Moreover, the government's claim for erroneously provided legal services does not fit within the § 3651 category of "restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had . . . ." Any loss suffered by the government was not caused "by the offense for which conviction was had." The statute seems to provide only for reparations of losses to the victims of the criminal act, *see, e. g., U. S. v. Boswell*, 565 F.2d

---

1. We do not reach the question whether Jimenez could have been required to repay if he had not been currently indigent.

1338, 1343 (CA5), *cert. denied*, —— U.S. ——, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978).[2]

■ Finally, the repayment condition imposed here cannot stand as written in any event since it does not provide that repayment will be excused if Jimenez is unable to pay. The absence of this provision renders the conditional probation unconstitutional. *See U. S. v. Santarpio, supra; cf. Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974) (upholds state statute conditioning probation on repayment of court-appointed attorneys, specifically noting statute excepted indigents); *Barnett v. Hopper*, 548 F.2d 550, 554 (CA5, 1977), *vacated as moot*, 439 U.S. 1041, 99 S.Ct. 714, 58 L.Ed.2d 701 (1978) ("To imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws.").

■ Where there has been an impermissible condition imposed on probation we may choose between eliminating the objectionable condition and letting the sentence stand as modified, and remanding for resentencing in accordance with our opinion. *See U. S. v. Clovis Retail Liquor Dealers Trade Ass'n*, 540 F.2d 1389, 1390–91 (CA10, 1978); *U. S. v. Taylor*, 305 F.2d 183, 187–88 (CA4), *cert. denied*, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962); *Haynes v. State*, 26 Md.App. 43, 337 A.2d 130, 79 A.L.R.3d 1016 (1975). The condition imposed here does not appear to have been an integral part of the district court's judgment of what punishment was best for the defendant and for society but instead seems to have been imposed simply as insurance that Jimenez would in fact repay the government. For this reason we think it appropriate that we vacate the reimbursement condition on probation on counts 4 and 5 and allow the sentence to remain otherwise unchanged.

Conviction AFFIRMED and sentence modified to vacate the reimbursement condition on probation on counts 4 and 5.

**2.** In *U. S. v. Savage,* 440 F.2d 1237 (CA5, 1971), the district court imposed as a condition of probation the requirement that the convicted defendant pay the costs of prosecution. The opinion implies that this was appropriate under the restitution clause of § 3651, but this was not an issue raised on appeal.