**UNITED STATES of America, Appellee,**

v.

**Gerald L. VAUGHN, Appellant.**

**No. 79–6616.**

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1980.

Decided Nov. 13, 1980.

Rodney M. Poole, Richmond, Va., for appellant.

Patricia A. Kerwin, Asst. U. S. Atty., Richmond, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, WIDENER and PHILLIPS, Circuit Judges.

WINTER, Circuit Judge:

Indicted on two counts of income tax evasion in violation of 26 U.S.C. § 7201,

---

Gerald L. Vaughn pled guilty to one count in return for dismissal of the second. The district court imposed a two–year sentence, with all but four months suspended, followed by a probation period of three years, and a fine of $1,750. Additionally, as "special conditions of probation," the court required Vaughn to pay all taxes, interest, and penalties presently owed to the Internal Revenue Service (IRS), and to pay the sum of $8,586.10 representing expenses to the government, as computed by an IRS agent, of the IRS investigation leading to his indictment. Vaughn subsequently moved the court pursuant to Rule 35, Fed. R.Crim.P., to correct the sentence by striking that portion requiring him to pay the investigation expense item as a condition of probation. From the court's denial of that motion, he now appeals. We reverse and remand for correction of the sentence.

### I.

The statute, 26 U.S.C. § 7201, which defendant admitted violating, provides that a convicted offender "shall be fined not more than $10,000, or imprisoned not more than five years, or both, together with the costs of prosecution." The "costs of prosecution" referred to in § 7201 are those set forth in 28 U.S.C. § 1920. The text of § 1920 is set forth below, but, significantly for this case, it does not authorize taxation of the costs of investigation leading to indictment.[1]

■ The parties are agreed (and we concur) that assessment of the "costs of prosecution" against a defendant under § 7201 or § 1920 does not include investigation expenses. For that charge to be legally imposed, authority for its imposition must be found in 18 U.S.C. § 3651. That statute authorizes a court having jurisdiction of a convicted offender to suspend the imposition or execution of sentence and to place him on probation "upon such terms and conditions as the court deems best." A portion of § 3651 is set forth in the margin.[2] Significantly, it, too, does not specifically authorize the payment of the expenses of investigation leading to an indictment as a condition of probation. If such payment may legally be required, it must be, as the government contends, on the theory that the condition has a reasonable relationship

---

1. 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
While the statute does not denominate the listed items as exclusive, it has generally been strictly construed. *See United States v. Pommerening*, 500 F.2d 92, 102 (10 Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974).

2. The pertinent language of 18 U.S.C. § 3651 is:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail–type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

 .          .          .          .

While on probation and among the conditions thereof, the defendant–
May be required to pay a fine in one or several sums; and
May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had, and
May be required to provide for the support of any persons, for whose support he is legally responsible.

to the treatment of the accused and the protection of the public. *See United States v. Bishop*, 537 F.2d 1184 (4 Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1105, 51 L.Ed.2d 539 (1979); *United States v. Pastore*, 537 F.2d 675 (2 Cir. 1976).

We held in *Bishop* that the specific conditions of probation enumerated as permissible ones under § 3651 are not exclusive, so that a given condition need not fit precisely within one of those enumerated. Nonetheless, where a condition fits within a category enumerated in the statute, we think its appropriateness must be tested by any limitations expressed in the statute. *See Karrell v. United States*, 181 F.2d 981, 986–87 (9 Cir.), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950).[3] Here, the condition falls within one of the enumerated types. Its avowed purpose, in the language of the statute, is to "make restitution or reparation to [the] aggrieved part[y] for actual damages or loss caused by the offense for which conviction was had." It follows that the validity of its imposition must be tested by the conditions set forth therein.

We do not read the language of § 3651 to authorize reimbursement to the government of the costs of investigating tax evasion, as distinguished from lost tax revenues. The costs of investigation result only indirectly from the offense of income tax violation. Of course, investigation and prosecution was a proper course for the government to undertake and to press to a successful conclusion; but that course was a step removed from the defendant's misconduct. Certainly it was not the event causing the government's initial loss of tax revenues.

A contrary argument would fail to draw the vital distinction between actual damages or loss to the person who is a victim of crime and the costs of investigation and prosecution. Of course, where, as here, the crime is one against the government and it is one of income tax violation, the two types of loss seem more closely related. The government has lost revenues, and to bring the offender to book, it must expend sums for investigations and the like. Were the crime one of fraud practiced upon a third person, the distinction would be more pronounced. In that event, the "actual damages or loss caused by the offense" would clearly be the amount of money or the value of the property of which the victim had been defrauded. The costs to the government in performing its function of investigation and prosecution, however, would seem too remote from the offense itself to be recoverable as a condition of probation.

Our reading of § 3651 is reinforced by the provisions of 26 U.S.C. § 7201 with regard to the payment of costs of prosecution by the offender and 28 U.S.C. § 1920 governing the imposition of costs generally. Both statutes fail to authorize assessment of expenses of investigation while they authorize imposition of other court costs and fees. Their silence suggests that Congress did not intend to authorize district courts to include expenses of investigation when assessing costs against a criminal defendant.[4] Although in prescribing the conditions of probation a court may not be limited to the penalties expressed in a criminal statute, *see, e. g., United States v. Bishop*, 537 F.2d 1184 (4 Cir. 1976), the reluctance of Congress to include expenses of investigation when authorizing the assessment of costs suggests that we should exercise great caution in finding such authority under the probation statute. Absent a more specific congressional authorization, § 3651 should

---

**3.** In *Karrell*, it was said:

Our interpretation of Section 3651 is that Congress intended to restrict the scope of the restitution which could be ordered to the limitation contained in the specific provision .... It is a familiar rule of statutory interpretation that a specific provision will govern even though general provisions, if standing alone, would include the same subject.

**4.** *See Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668, 675–76 (5 Cir. 1978) "[A] longstanding rule of statutory construction teaches that the expression of certain powers implies the exclusion of others ...."

not be read to accomplish what § 1920 does not permit.[5]

There are only two cases of which we are aware that bear on the question before us. Both support our conclusion. In *United States v. Taylor*, 305 F.2d 183 (4 Cir. 1962), the defendant, who entered a plea of guilty to two counts of failure to file income tax returns for 1956 and 1957, and who had been tried and convicted for evading taxes for 1955, was fined and sentenced to a prison term; but service of the sentence was suspended and defendant was placed on probation. A condition of probation was that defendant pay the sum of $32,210.40 representing unpaid income taxes and penalties for the years 1952 through 1960 and social security taxes for the period 1950 through 1959. We held this condition of probation invalid. In writing for the court, Judge Boreman recognized that the accuracy of the amount of the accrued tax liability was in doubt, but he placed the decision on the ground that the condition required the payment of taxes for periods other than the indictment years. 305 F.2d at 186–87. The court found that the "restitution or reparation" clause of § 3651 "has been interpreted to limit restitution to the amount involved in the particular offense for which defendant was indicted and of which he was convicted." 305 F.2d at 187.[6] The panel was "in substantial accord with the reasoning of these cases." *Id.*

Perhaps more in point is *United States v. Jimenez*, 600 F.2d 1172 (5 Cir.), *cert. denied*, 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979). In that case, a defendant charged with counterfeiting claimed that he was indigent and counsel was appointed under the Criminal Justice Act to represent him. After conviction but before sentencing it was found that he was not indigent. As a special condition of his probation, he was directed to reimburse the government for the costs of his lawyer and the services of an interpreter who was needed at trial. In holding that this condition of probation was illegal, the court rejected the government's argument that the payment would be "restitution or reparation" to the government for actual damages it sustained by reason of the offense:

> Any loss suffered by the government was not caused "by the offense for which conviction was had." The statute seems to provide only for reparations of losses to the victims of the criminal act, *see, e. g., U. S. v. Boswell*, 565 F.2d 1338, 1343 (CA 5), *cert. denied*, 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1975).

Thus, in the two cases in which courts have been required to speak, both have indicated that § 3651 is limited to the amount involved in the particular offense, and more particularly in *Jimenez*, where the government was not the victim of the crime, that § 3651 permits restitution to be required only for the loss directly stemming from the crime and not for costs to the government in prosecuting the offender.[7]

---

**5.** *See Boys Markets v. Retail Clerks Union*, 398 U.S. 235, 250, 90 S.Ct. 1583, 1592, 26 L.Ed.2d 199 (1970): "Statutory interpretation requires more than concentration upon isolated words, rather, consideration must be given to the total corpus of pertinent law and the policies that inspired ostensibly inconsistent provisions.

**6.** Citing *Karrell v. United States, supra*, and *United States v. Follette*, 32 F.Supp. 953 (E.D. Pa.1940).

**7.** Unlike our brother who concurs specially, we do not read *United States v. Santarpio*, 560 F.2d 448 (1 Cir. 1977), as being in conflict with *Jimenez* on the particular point for which we cite the latter case. *Santarpio* turned on the federal recoupment statute, 18 U.S.C. § 3006A(c) and (f), which authorizes a court to require one for whom counsel, investigators or experts was appointed on the ground of indigency to pay for the same if it is shown that the accused has funds to make payment in whole or in part. *Santarpio* thus held that the recoupment statute may be read into 18 U.S.C. § 3651 so as to make reimbursement for the cost of appointed counsel to the extent of defendant's available funds a condition of probation. In *Jimenez*, by contrast, the Fifth Circuit found that the recoupment statute did not validate a similar condition of probation because § 3006A required a finding that the defendant, at the time of trial, was *currently* able to pay for counsel. That language, the court held, could not be read to validate a condition of probation dependent upon a convicted defendant's *future* ability to pay. 600 F.2d at 1174. Thus, *Santarpio* and *Jimenez* differ only in the extent to which the courts are willing to read

We therefore hold that the district court exceeded its authority in prescribing payment of the costs of investigation as a condition of probation. The motion to correct the sentence by eliminating this condition should have been granted and the condition stricken.

We reverse the judgment of the district court and remand the case for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

WIDENER, Circuit Judge, concurring:

While I concur in the result, I think our circuit precedent in *United States v. Taylor*, 305 F.2d 183 (4th Cir. 1962), is sufficient for our purposes as relied upon by the majority as persuasive.

Reliance on the *Jimenez* case, I think, is misplaced, and I do not construe our opinion as establishing the rule of that case in this circuit if the same or similar facts were presented to us.

In that connection, I also do not agree with the majority that there are only two cases which bear on the question before us. The case of *United States v. Santarpio*, 560 F.2d 448 (1st Cir. 1977), was on substantially the same facts as *Jimenez* and arrived at an opposite result under the same statute considered in *Jimenez* as here, 18 U.S.C. § 3651. As *Santarpio* noted, *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), addressed the same fact situation in a claim concerning the constitutional validity of such a condition of probation, and holds such a condition (repayment of attorneys' fees) to be constitutionally valid provided, however, that funds must be available or else probation may not be revoked for violation of that condition.

one statute in conjunction with another. We take no position on this question. *Santarpio* does not dilute the authority of *Jimenez* for the proposition that, absent other statutory authority, § 3651 does not permit a requirement, as a special condition of probation, that a defendant make reimbursement for other than losses sustained by victims of his criminal act.