**UNITED STATES of America**

v.

**WRIGHT CONTRACTING COMPANY.**

**Crim. No. Y–83–00086.**

United States District Court,
D. Maryland.

May 6, 1983.

---

**214**

Warren Marcus, Philadelphia, Pa., and J. Frederick Motz, U.S. Atty., D. Maryland, Baltimore, Md., for plaintiff.

Joseph B. Haynes, Atlanta, Ga., James D. Miller, Washington, D.C., and Leslie A. Vial, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

■ The corporate defendant in this criminal case has pled guilty to bid rigging in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. The maximum penalty permissible for a single violation of § 1 by a corporation is a fine of $1,000,000. On April 22, 1983, the Court sentenced defendant to a fine of $400,000 payable within sixty days but suspended the imposition of all but $50,000 of the sentence and placed defendant on probation for a period of three years pursuant to 18 U.S.C. § 3651. In addition to the usual terms and conditions of probation, the Court imposed as a special condition of probation a program of "Corporate Penance" obligating defendant to contribute $175,000 to Baltimore City Foundation, Inc. More commonly known as the "Blue Chip In Program," Baltimore City Foundation is a charitable organization providing a wide array of services to the disadvantaged of Baltimore City and has no reasonable factual nexus to the specific offense defendant pled guilty to. It is to be stressed that the "Corporate Penance" program is not restitutional, reparative, or in any way connected with reimbursing anyone for losses sustained as a result of this specific crime. It is instead designed to punish defendant, specifically deter defendant, and generally deter other corporations contemplating similar criminal activity. A short examination of the legal basis for this special probation condition follows.

■ A recent review of the genesis of a federal district judge's probationary powers stated:

It has long been settled that, unlike some state courts, federal courts possess no inherent authority to suspend a sentence of imprisonment and place a convicted defendant on probation. *Ex parte United States,* 242 U.S. 27, 49–52, 37 S.Ct. 72, 77, 79, 61 L.Ed. 129 (1916). See *United States v. Ellenbogen,* 390 F.2d 537, 541 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Such authority, however, was granted by Congress in the form of the Federal Probation Act. 18 U.S.C. § 3651. That Act is the sole source of the court's probationary powers. *See, e.g., United States v. Cohen,* 617 F.2d 56, 58 (4th Cir.1980); *United States v. Workman,* 617 F.2d 48, 50 (4th Cir.1980).

*United States v. McLaughlin,* 512 F.Supp. 907, 910 (D.Md.1981). A corporation may be placed on probation under § 3651. *United States v. Atlantic Richfield Co.,* 465 F.2d 58 (7th Cir.1972).

■ Section 3651 provides in relevant part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and *upon such terms and conditions as the court deems best.*

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

*While on probation and among the conditions thereof, the defendant—*

*May be required to pay a fine in one or several sums;* and

*May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had;* and

*May be required to provide for the support of any person, for whose support he is legally responsible.*

[Emphasis supplied].

As the Fourth Circuit recently stated:

The opening sentence of the Probation Act states that the sentencing judge is authorized to place a convicted defendant on probation "upon such terms and conditions as the court deems best." This clearly places the decision of what conditions to impose on the probationer within the trial judge's broad discretion.

The statute further states, by way of example, that *among other conditions* the court may order a defendant to repay the aggrieved party "for actual damages or loss caused by the offense for which conviction was had." [Emphasis supplied]. *United States v. McMichael,* 699 F.2d 193, 194–95 (4th Cir.1983). *Accord United States v. Bishop,* 537 F.2d 1184, 1186 (4th Cir.1976) ("the permissible conditions listed in the section are not exclusive"). In general, conditions of probation are permissible as long as they "bear a reasonable relationship to the treatment of the accused and the protection of the public." *United States v. Arthur,* 602 F.2d 660, 664 (4th Cir.1979) (indicating community service may on occasion be a permissible term). *Accord United States v. Restor,* 679 F.2d 338 (3rd Cir.1982); *United States v. Mitsubishi International Corporation,* 677 F.2d 785 (9th Cir.1982).

In the present case, the Court focuses primarily on the second element of the *Arthur* standard, protection of the public, by imposing a special condition which furthers goals of punishment, specific deterrence, and general deterrence. As the Ninth Circuit observed, "[t]he sentencing judge is obliged to view probation as a *substitute* for the sentence and to formulate conditions calculated to insure that the probation *furthers the purpose of the criminal law* [emphasis supplied]." *Mitsubishi,* 677 F.2d at 788. Here the "substitute sentence" furthers perhaps the most traditional purposes of the criminal law: punishment and deterrence.

The United States Court of Appeals for the Eighth Circuit has specifically upheld mandatory contribution of specified sums to charitable and community organizations as an appropriate special condition of probation for a corporate price fixing defendant. *United States v. William Anderson Co., Inc.,* 698 F.2d 911 (8th Cir.1982); *cf. Mitsubishi,* 677 F.2d at 785 (affirming lower court order that corporate defendant contribute time and money to an ex-offender's program as a special condition of probation). *Contra United States v. Prescon Corp.,* 695 F.2d

1236 (10th Cir.1982); *United States v. Clovis Retail Liquor Dealers Trade Association,* 540 F.2d 1389 (10th Cir.1976). The Eighth Circuit outlined the precise statutory basis for its ruling:

> The general terms of the first paragraph of § 3651 authorizing probation "upon such terms and conditions as the court deems best" authorize the terms and conditions specified by Judge Urbom.

> The Government argues that this broad general authority is limited by the subsequent paragraph of § 3651 specifying that "among the conditions" of probation the defendant "May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had."

> The Government's argument is that no payment of money to any party other than the Treasury may be required except as provided in this paragraph. It is said that this paragraph is exclusive, that the maxim *expressio unius exclusio alterius* governs. We do not find this contention convincing. When specifying certain particular terms as includible "among" the conditions of prohibition, the statute simply wishes to put beyond question *per cautelam* the propriety of the particular terms specified. The meaning is the same as if the familiar corporate draftsman's location "including but not limited to" had been used.

*William Anderson Co., Inc.,* 698 F.2d at 914.

The statutory construction employed in *William Anderson Co.* is fully consistent with the general Fourth Circuit interpretation of § 3651. As the Fourth Circuit has said in *McMichael,* 699 F.2d at 194–95, § 3651 vests broad discretion in the District Court, with its specifically enumerated conditions serving only as examples. The "Corporate Penance" program is rationally related to the penal goals of punishment and deterrence, and falls well within the standard which governs the exercise of the District Judge's discretion in *Arthur,* 602 F.2d at 664. It should additionally be noted that defendant can always opt simply to pay the full $400,000 fine. In refusing to reverse a District Court order that a corporate defendant contribute both time and money to an ex-offender's program as a special condition of probation, the Ninth Circuit stressed the need for creativity with corporate defendants and stated:

> The defendants raise numerous objections to the conditions of probation. The principal objection is that the terms of the probation are more punitive than the maximum penalty imposed by the Elkins Act. However, we find that we need not consider this contention because the maximum penalty the corporations are required to suffer, in any event, is the $20,000 fine per count, which is authorized by the statute.

> A defendant generally may reject probation and elect to have sentence imposed. *See United States v. Pierce,* 561 F.2d 735, 739 (9th Cir.1977), *cert. denied,* 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *United States v. Smith,* 414 F.2d 630, 636 (5th Cir.1969), *rev'd on other grounds sub nom. Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); *Schwab v. Coleman,* 145 F.2d 672, 678 (4th Cir.1944). For the individual defendant who must accept arguably impermissible conditions of probation or suffer incarceration, this choice is illusory. The conditions of probation, therefore, must be subject to careful review.

> These corporate defendants, on the other hand, may accept the conditions of probation or elect to pay the fine imposed by the court, without any threat of incarceration or loss of liberty. The fines are within statutory limits. The probationary terms merely provide an alternative which the appellants may elect in order to avoid paying those fines. If the appellants believe that the terms of probation are more punitive than the fines, they have the option to avoid them by paying the fines. Under these circumstances we need not consider the objections to the terms of probation.

*Mitsubishi,* 677 F.2d at 788–89.

*United States v. Vaughn,* 636 F.2d 921 (4th Cir.1980), poses no barrier to this re-

sult. In *Vaughn,* the government sought to recover the costs of its criminal investigation of a convicted tax evader as *restitution* from the evader. The Fourth Circuit held that the costs of investigation are not a permissible form of restitution under § 3651. Recognizing the general broad discretion a sentencing judge has under § 3651, the *Vaughn* court observed:

> We held in *Bishop* that the specific conditions of probation enumerated as permissible ones under § 3651 are not exclusive, so that a given condition need not fit precisely within one of those enumerated. Nonetheless, where a condition fits within a category enumerated in the statute, we think its appropriateness must be tested by any limitations expressed in the statute. *See Karrell v. United States,* 181 F.2d 981, 986–87 (9 Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950). Here, the condition falls within one of the enumerated types. *Its avowed purpose, in the language of the statute, is to "make restitution or reparation* to [the] aggrieved part[y] for actual damages or loss caused by the offense for which conviction was had." It follows that the validity of its imposition must be tested by the conditions set forth therein. [Emphasis supplied].

*Vaughn,* 636 F.2d at 923. Judge Winter then went on to explain that the recoupment of investigative expenses did not square with the express language governing restitution and reparations in § 3651. In the present case, however, the sentencing order has nothing to do with either restitution or reparations. The suggested contribution is to be made to a charity wholly unrelated to the specific crime the defendant has pled guilty to and will not reimburse anyone for any loss. The contribution instead is a program of punishment and deterrence specifically designed for the

criminal corporation. As such, it should be measured against the general, residual standards of *Arthur* and not the specific, limited requirements of *Vaughn.*\*

SO ORDERED.

---

\* The Court recognizes that the Fifth and Tenth Circuits have held that the enumerated conditions in § 3651 impliedly prohibit a sentencing judge from ordering a payment of money other than a fine, restitution or support as a condition of probation. *Prescon,* 695 F.2d at 1236; *United States v. Jimenez,* 600 F.2d 1172 (5th Cir.1979). However, such an interpretation of § 3651 would of necessity eliminate the sound results reached in *Mitsubishi* and *William Anderson Co.* This interpretation has not been adopted by the Fourth Circuit, and need not be followed here.