**UNITED STATES of America**

v.

**Robert C. BOURBONNAIS a/k/a Robert C. Clermont.**

**Crim. No. 79–00029–01–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 5, 1985.

Norval George Metcalf, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Marvin A. Rosman, Richmond, Va., for defendant.

## OPINION AND ORDER

WARRINER, District Judge.

Presently before the Court is defendant's Fed.R.Crim.P. 35(a) motion for correction of sentence. The government has timely responded. The matter is ripe for adjudication.

On 5 June 1979 defendant was convicted of willfully failing to file an income tax return in violation of 26 U.S.C. § 7203. As part of his sentence defendant was ordered to pay costs of prosecution in the amount of $11,810.94. 26 U.S.C. § 7203.[1] This amount specifically included the cost of investigation leading to indictment. There was no appeal.

Subsequent to imposition of sentence, the United States Court of Appeals for the Fourth Circuit in *United States v. Vaughan*, 636 F.2d 921 (4th Cir.1980), considered the statutes which empower a district judge to assess "costs of prosecution" against a defendant in an income tax criminal case and determined that the statutes did not authorize the inclusion of the cost of investigation leading to indictment. See 18 U.S.C. § 3651; 28 U.S.C. § 1920.

The United States does not contest the law as set forth in *Vaughan* that the cost of prosecution could not properly have been assessed against defendant; however, the prosecutor did question whether the *Vaughan* decision should be given retroactive application.[2] The holding in *Vaughan* neither expanded nor changed the law in any way, rather, it explained the applicable statutes. *See generally, Bouie v. Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). To apply *Vaughan* in this case is not to retroactively apply a change in the law; it would be correcting my error in interpreting the statute. Therefore, pursuant to Fed.R.Civ.P. 35(a), the illegal portion of the sentence imposed against defendant on 5 June 1979 requiring him to pay the costs of prosecution in the amount of $11,810.94 is VACATED. The remainder of the sentence imposed against defendant on 5 June 1979 remains in full force and effect.

---

1. The statute provides that a fine and a jail term may be imposed, "together with the costs of prosecution."

2. No issue was raised by the United States that, there having been no appeal, the question is foreclosed.

Under the now vacated provision defendant had paid $12,010.94 into court. That amount represents full payment of the imposition of costs plus an inadvertent overpayment of $200.00. On the basis of *Vaughan*, defendant has moved that the total amount of money paid into the court, plus interest, be returned to him.

The United States contends that the funds held by the District Court may not be returned to defendant and that this Court must remit the money to the Internal Revenue Service (IRS) in partial satisfaction of an IRS lien that was placed against defendant's funds in the possession of the District Court on 10 July 1984. Defendant contends that he made a demand to the Clerk of the Court and to his probation officer on 9 July 1984 for a refund of the money and that, since this demand predated the IRS levy upon the funds, he is entitled to a return of the money.

Defendant was advised by me on 9 July 1984 in open court that he may be entitled to a refund of the money paid into court and he was urged to take action in his own interest. Defendant waited until 3 January 1985 to file this motion for a refund. Because this 3 January motion is the only demand that has any legally operative effect, the lien imposed by the IRS predates defendant's demand by over five months.

■ Even if this Court accepted defendant's contention that he made demands for the money prior to levy by the IRS, the Court would be compelled nevertheless to remit the money to the IRS.

26 U.S.C. § 6332(a) states:

Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

The exceptions listed in subsection (b) are inapplicable in this case and the property is not and has not been subject to an attachment or execution under any judicial process. Section 6332(a) unequivocally requires that defendant's money in the control of the District Court and levied on by the IRS be handed over to the IRS in partial satisfaction of its lien.

This reading of the levy statute is bolstered by a decision of the Fourth Circuit. In *Simpson v. Thomas,* 271 F.2d 450 (4th Cir.1959) defendants were arrested for violation of Internal Revenue laws. At the time of their lawful arrest money that was in their possession was seized and held by a marshal for safekeeping. The money was subsequently levied on by the Internal Revenue Service and the Marshal delivered the money to the IRS. The Fourth Circuit found that the Marshal's actions were appropriate. The Court held:

When a tax lien attaches to property, the United States becomes in a sense a co-owner with the taxpayer of the property to the extent of the lien. The taxpayer then ceases to have an unconditional right to obtain or retain possession of the property. The substantive rights of the United States and of the taxpayer are in no sense dependent upon the nature of the immediate custody of the property or the identity of the custodian. If it appeared that money in the possession of a marshal had been stolen, no good reason appears why the law should require its return to the thief upon his discharge from custody. Nor do we see any reason why the United States Marshal may not recognize the United States as the owner of an interest in the property in his custody.

So far as we can find, it has been uniformly held that property held by a marshal, or other custodian, for safekeeping is subject to an otherwise valid tax lien for taxes claimed to be due from a prisoner from whom the property was obtained. This conclusion has been reached though the seizure of the property was, itself, illegal, so that its suppres-

sion for use as evidence was required. Id. at 452 (citations omitted).

The holding in *Simpson* is applicable by analogy to the case at bar. When the Internal Revenue Service, on 10 July 1984, levied upon the defendant's money held by the District Court, the IRS gained an interest in the property. Although, admittedly, the imposition of the particular costs was subsequently found to be not permitted by statute, defendant has not shown any reason why the money obtained from the illegal sentence should be treated any different from property illegally seized.

Further, defendant suffers no direct loss from this Court's determination that the money must be paid to the IRS. A debt of defendant's, which defendant does not contest is legally due, is being reduced by the full amount of money defendant paid into the court. If the money were refunded directly to defendant it would be immediately subject to levy and seizure by the IRS. Thus, the fund is to be applied in part payment of an obligation of defendant's.

Accordingly, W. Farley Powers, Jr., Clerk of the United States District Court for the Eastern District of Virginia, is ORDERED to issue a check payable to the Internal Revenue Service in the amount of $12,010.94, collected under the illegal portion of the sentence imposed on 5 June 1979. The check is to be mailed to Denis Martin, Revenue Officer, Internal Revenue Service, P.O. Box 10085, Richmond, Virginia, 23240.

And it is so ORDERED.