

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 9, 1985

Honorable Richard W. Carter
Chairman
Crime Stoppers Advisory Council
P. O. Box 231
Arlington, Texas 76010

Honorable Grant Jones
District Attorney
Nueces County Courthouse #205
Corpus Christi, Texas 78401

Opinion No. JM-307

Re: Whether a judge may require a probationer to make a one-time contribution to a crime stoppers program as a condition of probation

Gentlemen:

You inquire about the power of a judge to require a probationer, as a condition of probation, to make a contribution to a private crime stoppers organization. Judge Carter asks

> whether or not a judge can require a probationer to make a one-time contribution of money to a crime stoppers program, whether the judge be presiding over a municipal, justice, county court, county court at law, or a state district court.

Mr. Jones asks the following two questions:

> (1) May a district judge, under the Texas Code of Criminal Procedure, article 42.12, section 6(a), require a defendant as a condition of felony probation to make a contribution to an organization of the kind described as a 'crime stoppers organization' in article 2372bb, sections 1 and 2, V.T.C.S.?

> (2) May a district judge, under Texas Code of Criminal Procedure, article 42.12, section 6(a), require a defendant as a condition of felony probation to reimburse a crime stoppers organization for funds expended by the organization in connection with defendant's case?

A "crime stoppers organization" is

> a private, nonprofit organization that is operated on a local or a statewide level, that accepts and expends donations for rewards to persons who report to the organization information concerning criminal activity, and that forwards the information to the appropriate law enforcement agency.

V.T.C.S. art. 2372bb, §1.

The duties of the Crime Stoppers Advisory Council are stated in article 4413(50), section 5, V.T.C.S. Among other duties, it is to assist in the creation of local crime stoppers programs and to encourage persons to come forward with information about criminal activity. It has received numerous inquiries from trial court judges about their authority to impose the probation condition in question.

We will deal with the Council's question and the district attorney's first question together.

Article IV, section 11A of the Texas Constitution authorizes the courts with original jurisdiction of criminal actions to suspend the sentence after conviction and to place the defendant on probation, under such conditions as the court may prescribe. Article 42.12 of the Code of Criminal Procedure governs probation in felony cases, of which the district courts have original jurisdiction. Tex. Const. art. V, §8. Article 42.13 of the Code of Criminal Procedure governs probation in misdemeanor cases. The county courts have jurisdiction of misdemeanors, Tex. Const. art. V, §§8, 16, as have those of the statutory county courts which have been given criminal jurisdiction. See V.T.C.S. art. 1970-1 et. seq. Justice courts and municipal courts have jurisdiction of Class C misdemeanors. Tex. Const. art. V, §19; V.T.C.S. art. 1195. Article 45.54 of the Code of Criminal Procedure authorizes a justice of the peace and a municipal court judge to suspend a fine and defer final disposition in a misdemeanor punishable by fine only.

The purpose clause of article 42.12 of the Code of Criminal Procedure states as follows:

> It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers. . . .

Code Crim. Proc. art. 42.12, §1. The judge may place a defendant on probation when "the ends of justice and the best interests of the

public as well as the defendant will be subserved. . . ." Id. §3.
The defendant must have been convicted or have entered a guilty plea,
and the maximum punishment for the offense may not exceed ten years.
Id. §3; see also id. §3f (probation not available to defendant
adjudged guilty of capital murder or other offenses set out in art.
42.12, §3f). The court is to determine the terms and conditions of
probation, which "may include, but shall not be limited to, the
conditions that the probationer shall:

> a. Commit no offense against the laws of this
> State or of any other State or of the United
> States;

> b. Avoid injurious or vicious habits;

> c. Avoid persons or places of disreputable or
> harmful character;

> d. Report to the probation officer as directed
> by the judge or probation officer and obey all
> rules and regulations of the probation department;

> e. Permit the probation officer to visit him
> at his home or elsewhere;

> f. Work faithfully at suitable employment as
> far as possible;

> g. Remain within a specified place;

> h. Pay his fine, if one be assessed, and all
> court costs whether a fine be assessed or not, in
> one or several sums, and make restitution or
> reparation in any sum that the court shall
> determine;

> i. Support his dependents;

> j. Participate, for a time specified by the
> court and subject to the same conditions imposed
> on community-service probationers by Sections
> 10A(c), (d), (g), and (h) of this article, in any
> community-based program, including a community-
> service work program designated by the court;

> k. Reimburse the county in which the
> prosecution was instituted for compensation paid
> to appointed counsel for defending him in the
> case, if counsel was appointed, or if he was

represented by a county-paid public defender, in an amount that would have been paid to an appointed attorney had the county not had a public defender;

l. Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of his income to the facility for room and board;

m. Pay a percentage of his income to his dependents for their support while under custodial suspension in a community-based facility; and

n. Pay a percentage of his income to the victim of the offense, if any, to compensate the victim for any property damage or medical expenses sustained by the victim as a direct result of the commission of the offense.

Code Crim. Proc. art. 42.12, §6(a).

When the jury assesses punishment following a conviction, the jury may recommend probation, and the court shall grant probation "[i]n all eligible cases." Code Crim. Proc. art. 42.12, §3a. Under former law, when probation was granted by the jury, the court could impose only those statutory conditions of probation found in section 6 of article 42.12, Code of Criminal Procedure. Tamez v. State, 534 S.W.2d 686, (Tex. Crim. App. 1976); O'Neal v. State, 421 S.W.2d 391 (Tex. Crim. App. 1967); Attorney General Opinion H-234 (1974). A 1981 amendment to article 42.12 deleted the limiting language from section 3a, thereby authorizing the court to impose special probation conditions where the jury granted probation. Acts 1981, 67th Leg., ch. 639 at 2466 (title of House Bill No. 2107).

It is well-established that a trial court in setting probation conditions is not limited to the conditions found in section 6 of article 42.12 of the Code of Criminal Procedure. Tamez v. State, supra; Peach v. State, 498 S.W.2d 192 (Tex. Crim. App. 1973); Macias v. State, 649 S.W.2d 150 (Tex. App. - El Paso 1983, no pet.). The judge now has the same authority to set probation conditions in jury-granted probation as he has long had in judge-granted probation. Although the court has wide discretion in establishing the terms of probation, they must have a reasonable relationship to the treatment of the accused and the protection of the public. Tamez v. State, supra; Macias v. State, supra; see Code Crim. Proc. art. 42.12, §3 (probation may be granted where best interests of public and defendant will be subserved).

We have found no Texas cases on a probation condition which requires the probationer to donate money to a private charity. The federal courts have upheld under the federal probation statute, 18 U.S.C. §3651, the condition that the probationer donate money or money and uncompensated services to charity. See United States v. William Anderson Co., 698 F.2d 911 (8th Cir. 1982) (upholding requirement that corporation make payment to charity for which its officers were performing community services); United States v. Mutsubishi International Corp., 677 F.2d 785 (9th Cir. 1982) (upholding requirement that corporation contribute money and services to program for ex-offenders); United States v. Wright Contracting Co., 563 F.Supp. 213 (D. Md. 1983) (upholding requirement that corporation contribute to charitable organization assisting disadvantaged); United States v. Danilow Pastry Co., 563 F. Supp. 1159 (S.D.N.Y. 1983) (upholding requirement that bakery corporation donate baked goods to organizations assisting the needy). But see United States v. Prescon Corp., 695 F.2d 1236 (10th Cir. 1982) (federal courts may not direct payment of funds as condition of probation beyond express authorizations in 18 U.S.C. §3651); United States v. Clovis Retail Liquor Dealers Trade Ass'n., 540 F.2d 1389 (10th Cir. 1976) (invalidating probation condition requiring probationer to contribute money to county council on alcoholism). See generally, Annot. A.L.R. 66, Fed. 825 (1984); N. Cohen & J. Gobert, The Law of Probation and Parole (1983), §§6.28, 6.36. The probationers in the cited federal cases are corporations or other business associations. The court in United States v. Mitsubishi International Corp., supra, stated that corporate defendants present a special problem because they cannot be incarcerated; thus the trial judge designed unique terms of probation.

We believe the trial court, in exercising its wide discretion to establish probation conditions, may require a probationer to donate money to a particular private charity where that condition has a reasonable relationship to his treatment and rehabilitation and to the protection of the public. Whether it would be reasonable to impose such a condition on a particular probationer would require an evaluation of the facts surrounding his illegal activity and his probation. See also Code Crim. Proc. 42.12, §8(c); Attorney General Opinions JM-10 (1983); H-234 (1974) (financial inability as a defense to revocation for violating certain probation conditions).

Article 42.12 does not authorize a judge to create a funding source for a private charity by requiring every probationer to donate a fixed sum to it. Cf. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946) (statutes are strictly construed against allowing a fee by implication). We emphasize that a condition of probation must be reasonably related to the individual probationer's rehabilitation and to protecting the public.

In addition, other provisions of law control a judge's exercise of discretion. See, e.g., Penal Code ch. 39 (abuse of office). The Code of Judicial Conduct expressly provides that a judge should not allow his "social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others. . . ." Code of Judicial Conduct Canon 2B. Nor may probation conditions violate the probationer's rights under the federal and state constitutions. See Owens v. Kelley, 681 F.2d 1362 (11th Cir. 1982) (probation condition requiring probationer to attend course advocating adoption of religion violates First Amendment of United States Constitution); Attorney General Opinion JM-1 (1983). See also Pulliam v. Allen, ____ U.S. ____, 104 S.Ct. 1970 (1984) (judge may be required to pay attorneys' fees in section 1983 suit).

Article 42.13 of the Code of Criminal Procedure governs misdemeanor probation. Its stated purposes are virtually identical to those of article 42.12. See Code Crim. Proc. 42.13, §§1, 3. The court is to determine the terms and conditions of probation and may impose reasonable conditions in addition to the statutory conditions set out in section 6. Id. §6(a); Fogle v. State, 667 S.W.2d 296 (Tex. App. – Dallas 1984, no pet.); Attorney General Opinions H-234 (1974); M-985 (1971). The provisions of article 42.13 on probation conditions are very similar to those of article 42.12. The courts and prior opinions of this office have construed these provisions consistently with the provisions on the conditions of felony probation. Fogel v. State, supra; Attorney General Opinion M-985 (1971). We believe a trial judge in determining the conditions of misdemeanor probation may require a probationer to donate money to a private charity, if that is a reasonable condition for the individual probationer.

Article 45.54 of the Code of Criminal Procedure governs the suspension of the fine and deferral of final disposition in misdemeanors punishable by fine only. The provision reads as follows:

> (1) Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor described by Section 143A, Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.
>
> (2) During said deferral period, the justice may require the defendant to:
>
> (a) post a bond in the amount of the fine assessed to secure payment of the fine;

(b) pay restitution to the victim of the offense <u>in an amount not to exceed the fine assessed</u>;

(c) submit to professional counseling; and

(d) comply with any other reasonable condition, <u>other than payment of all or part of the fine assessed</u>.

(3) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise, the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to exceed $50 may be imposed.

(4) Records relating to a complaint dismissed as provided by this article may not be expunged under Article 55.01 of this code. (Emphasis added).

This statute was enacted in 1981. Acts 1981, 67th Leg. ch. 318 at 894. It applies to municipal judges as well as to justices of the peace. <u>See</u> Bill Analysis for Senate Bill No. 914, 67th Leg. (1981); <u>see generally</u> Code Crim. Proc. ch. 45.

Article 45.54, in contrast to the felony and misdemeanor probation statutes, includes no purpose clause or other provision stating the goals of its procedures for suspending sentences. It does not even use the term "probation," although it has been described as a probation statute. <u>See</u> Baker and Bubany, <u>Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question</u>, 22 So. Tex. L.J. 249 (1981). Subsection (2)(d) of article 45.54 authorizes the justice to require the defendant to "comply with any other reasonable condition," other than payment of any part of the fine. This language certainly empowers him to impose non-statutory conditions on the defendant during the deferral period, but it does not, in our opinion, authorize him to require defendant to contribute money to a charity. Subsections (2)(a) and (2)(b) expressly permit conditions requiring payments by the defendant, but limit the amounts by the fine assessed. Subsection (2)(d) expressly forbids a condition requiring payment of part or all of the fine. Where the legislature has authorized the justice to require payments by the defendant, it has carefully limited the amounts. If the legislature had intended "any other reasonable condition" to include a charitable contribution, we believe it would have imposed the same monetary limit. When a defendant violates the

terms of a sentence suspended under article 45.54, he would have to pay the fine. There would be little incentive to comply with conditions that required payments in excess of the fine. See Baker and Bubany, supra, at 257. In our opinion, article 45.54 of the Code of Criminal Procedure does not authorize a municipal judge or justice of the peace to require the defendant to make a contribution to a crime stoppers program or any other private charity.

We turn to Mr. Jones' second question. He asks whether a district judge may require as a condition of felony probation that a defendant reimburse a crime stoppers organization for funds it spent in connection with his case. We believe our discussion of article 42.12 of the Code of Criminal Procedure supports the conclusion that the judge may require such reimbursement, where that is a reasonable condition of probation. See Flores v. State, 513 S.W.2d 66 (Tex. Crim. App. 1974) (probationer required to pay restitution to insurance company to reimburse it for medical expenses of complaining witness); People v. Martin, 442 N.E.2d 562 (Ill. App. 1982) (restitution of $35 to repay state for money used to buy drugs from offender).

## S U M M A R Y

Articles 43.12 and 42.13 of the Code of Criminal Procedure authorize a judge to require a probationer, as a condition of probation, to donate money to a private charity, where such condition has a reasonable relationship to the treatment of the accused and the protection of the public. Article 45.54 of the Code of Criminal Procedure does not authorize a judge of a municipal court or a justice of the peace to impose such a probation condition. Acting under article 42.12 of the Code of Criminal Procedure, a judge may require as a condition of probation that a probationer repay a private crime stoppers program for amounts spent on his case where this is a reasonable condition of probation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton