UNITED STATES of America, Plaintiff-Appellee,

v.

MITSUBISHI INTERNATIONAL CORPORATION, Union Pacific Railroad, and Burlington Northern, Inc., Defendants-Appellants.

Nos. 81–1170, 81–1202 and 81–1203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1981.

Decided May 20, 1982.

James R. Mitchell, Masuda, Funai, Eifest & Mitchell, Chicago, Ill. (Louis D. Peterson, Hillis, Phillips, Cairncross, Clark & Martin, Seattle, Wash., on brief), Albert R. Malanca, Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern, Tacoma, Wash., George C. Inman, Jr., Seattle, Wash., for defendants-appellants.

James R. Moore, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUG and FARRIS, Circuit Judges, and WATERS *, District Judge.

HUG, Circuit Judge:

Mitsubishi International Corporation ("Mitsubishi"), Union Pacific Railroad ("Union Pacific"), and Burlington Northern, Inc. ("Burlington Northern") were indicted for numerous violations of the Elkins Act ("Act"), formerly 49 U.S.C. § 41(1) (now codified at 49 U.S.C. §§ 11903 and 11915). These were violations of railroad freight tariffs that resulted in special favorable treatment for Mitsubishi. Each pleaded guilty to violating the applicable freight tariff regulations imposed under the Act on cargoes shipped by rail. Mitsubishi pleaded guilty to nine counts of a twenty-seven count indictment; Union Pacific pleaded guilty to five counts of an eighteen count indictment; and Burlington Northern pleaded guilty to three counts of a nine count indictment.

The district court sentenced each corporation to the maximum fine of $20,000 on each count. Upon the condition that the minimum fine of $1,000 be paid on each count, however, the remainder of the fine was suspended and each corporation was placed on three years' probation. On appeal, there is a challenge to the legality of the sentence and to the conditions of probation. We affirm.

## I

### Legality of the Sentence

Only Mitsubishi challenges the legality of the sentence imposed, contending that although the sentence was within the maximum prescribed by the statute, the district court abused its discretion by failing

* The Honorable Laughlin E. Waters, United States District Judge for the Western District of Washington, sitting by designation.

to consider individual mitigating factors. Mitsubishi presented its evidence in mitigation at the sentencing hearing. The sentencing judge considered these arguments and found them unpersuasive. A district judge has wide discretion in determining what sentence to impose; and as long as the sentence is within statutory limits, it is generally not subject to review on appeal. *United States v. Wylie*, 625 F.2d 1371, 1379 (9th Cir. 1980), *cert. denied sub nom. Perluss v. United States*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). The sentence imposed was within statutory limits and we find no reason to disturb that judgment.

## II

### Conditions of Probation

First, we note that the sentencing of corporate criminal defendants is a troublesome area. In a case such as this, an individual could receive a $20,000 fine, plus a two-year prison sentence per count, whereas a corporation can suffer only the maximum fine per count. *Melrose Distillers v. United States*, 359 U.S. 271, 274, 79 S.Ct. 763, 765, 3 L.Ed.2d 800 (1959). It is this disparity that the district court sought to rectify with rather creative terms of probation. Essentially, the terms of probation required each corporation to obey all local, state and federal laws, to loan for one year a company executive to the National Alliance for Business in its development of its Community Alliance Program for Ex-Offenders ("CAPE") and to contribute $10,000 for each offense to be used for that program.[1] The sentence imposed was $20,000 for each count for each defendant, *i.e.*, $180,000 for Mitsubishi for nine counts, $100,000 for Union Pacific for five counts, and $60,000 for Burlington Northern for three counts. The district court required each defendant to pay a portion of the fine, $1,000 per count, but the balance of the fine was suspended provided that the conditions of probation were fulfilled. Thus in order to avoid the balance of the fine, the defendants, in addition to obeying the law for three years and loaning an executive for one year, had to make payments for the benefit of CAPE as follows:

Mitsubishi—$90,000

Union Pacific—$50,000

Burlington Northern—$30,000

The suspension of the sentence and granting of probation is governed by 18 U.S.C. § 3651.[2] It is well recognized that

---

1. The specific conditions of probation were that:
   1. The defendant corporation shall obey all local, State, and Federal laws.
   2. The defendant corporation shall assist the National Alliance of Business (NAB) in its development of the Community Alliance Program for Ex-Offenders (CAPE) through the loan of a suitable corporate officer or company executive to be approved by the probation officer, to NAB for a period of one (1) year to perform community service without compensation from NAB. The community service shall be performed at a location suggested by NAB within the geographical area of the defendant corporation's business operations with approval of the probation officer.
   3. In support of the development of the CAPE Program, the defendant corporation shall deposit a sum of ten thousand dollars ($10,000.00) [per violation] with the Clerk of the Court on or before March 20, 1981.
   4. All funds deposited by the defendant corporation with the Clerk of the Court shall be deposited in an interest-bearing trust account. Upon authorization of the proba-

tion officer, the Clerk shall disburse funds and accumulated interest to the probation officer who shall place the funds in an interest-bearing trust account in a financial institution designated by the probation officer. The funds and accumulated interest shall be used to defray costs of administrative personnel, staff support, equipment, consumable supplies, travel, technical consultation, and program evaluation of the CAPE Program and shall be disbursed from the trust fund by the probation officer for that purpose.
   5. The National Director of Offender Programs for NAB, as administrator of the CAPE Program, shall submit a program-operating plan approval by the Court prior to disbursement of funds.
   6. The probation officer shall submit annual progress reports to the Court regarding utilization of funds and performance of the defendant corporation in support of the CAPE Program.

2. 18 U.S.C. § 3651, in pertinent part, provides:
   Upon entering a judgment of conviction of any offense not punishable by death or life

the sentencing judge has broad discretion in setting probation conditions. *United States v. Lowe*, 654 F.2d 562, 567 (9th Cir. 1981). This discretion is not totally unbridled, but is limited by the requirement that the terms and conditions of probation be primarily designed to meet the ends of rehabilitation and the protection of the public, *id.*, and the recognition that the statutorily prescribed maximum sentence cannot be increased by the terms of probation. *United States v. Atlantic Richfield Co.*, 465 F.2d 58, 61 (7th Cir. 1972).

■ The sentencing judge is obliged to view probation as a substitute for the sentence and to formulate conditions calculated to insure that the probation furthers the purpose of the criminal law. *United States v. Tonry*, 605 F.2d 144, 148 (5th Cir. 1979). To serve these objectives, probation conditions must be tailored to meet the special problems of a particular defendant. *Id.*

Corporate criminal defendants present a special problem because they cannot be incarcerated. The district judge expressed his concern that these large corporate defendants could "just write a check and walk away." It was for this reason that he designed the unique and creative terms of probation.

■ The defendants raise numerous objections to the conditions of probation. The principal objection is that the terms of the probation are more punitive than the maximum penalty imposed by the Elkins Act.[3] However, we find that we need not consider this contention because the maximum penalty the corporations are required to suffer, in any event, is the $20,000 fine per count, which is authorized by the statute.

■ A defendant generally may reject probation and elect to have sentence imposed. *See United States v. Pierce*, 561 F.2d 735, 739 (9th Cir. 1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *United States v. Smith*, 414 F.2d 630, 636 (5th Cir. 1969), *rev'd on other grounds sub nom. Schacht v. United States*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); *Schwab v. Coleman*, 145 F.2d 672, 678 (4th Cir. 1944). For the individual defendant who must accept arguably impermissible conditions of probation or suffer incarceration, this choice is illusory. The conditions of probation, therefore, must be subject to careful review.

These corporate defendants, on the other hand, may accept the conditions of probation or elect to pay the fine imposed by the

imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

. . . .

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

May be required to provide for the support of any persons, for whose support he is legally responsible.

. . . .

The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation.

3. Additional challenges to the conditions of probation were that:

(1) They were unreasonably related to rehabilitation or other permissible purposes,

(2) They were vague and overbroad,

(3) They constituted an unlawful delegation of discretion to the probation officer, and

(4) They placed the burden of probation on the innocent executive selected to assist CAPE.

court, without any threat of incarceration or loss of liberty. The fines are within statutory limits. The probationary terms merely provide an alternative which the appellants may elect in order to avoid paying those fines. If the appellants believe that the terms of probation are more punitive than the fines, they have the option to avoid them by paying the fines. Under these circumstances we need not consider the objections to the terms of probation.

AFFIRMED.