UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald Ray PAYSEUR,
Defendant–Appellant.

No. 88–5248.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1989.

Decided June 7, 1990.

Alan T. Launspach, Asst. Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Robin R. Scroggie, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, CANBY, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Donald Ray Payseur appeals the district court's order converting his sentence under

the Federal Youth Corrections Act ("YCA"), 18 U.S.C. §§ 5005–5026 (repealed 1984) to an adult sentence after revoking his YCA probation. We hold that the district judge had authority to impose the adult sentence, but remand for a determination whether the three-year sentence is impermissibly longer than the YCA sentence Payseur initially received.

## FACTS

On July 21, 1971, Payseur was indicted on one count of conspiracy to import marijuana in violation of 21 U.S.C. § 963 (1970), and one count of illegal importation of marijuana in violation of 21 U.S.C. § 960(a)(1) (1970). A jury found Payseur guilty of both counts.

On December 8, 1971, the district court sentenced Payseur, who was 24 years old at the time, under the YCA. As to each count, the court ordered Payseur to serve six months of his sentence in a jail-type institution, suspended the execution of the remainder of the sentence, and placed Payseur on probation for five years, with the sentences to run concurrently. Payseur was also ordered to pay a fine of $2,000. This court affirmed his conviction in *United States v. Payseur*, 501 F.2d 966 (9th Cir.1974). On December 30, 1974, he began to serve his sentence.

On May 9, 1975, Payseur was released from custody and his five-year probationary period began. He absconded from probation supervision in January 1977. On February 22, 1977, the Central District of California issued a bench warrant for Payseur's arrest and an order to show cause why his probation should not be revoked.

In May 1986, Payseur was arrested in California and charged with manufacturing methamphetamine. He entered a guilty plea in state court and was sentenced to three years imprisonment. On May 1, 1987, a federal jury in the Eastern District of California found Payseur guilty of seven counts involving conspiracy to manufacture and the manufacture of a controlled substance. The district court sentenced him to fifteen years imprisonment and a special parole term of life.

On April 29, 1988, California paroled Payseur to federal custody, and the probation violation warrant from the Central District of California was executed. At his probation revocation hearing in the Central District on May 5, 1988, Payseur admitted that he violated the 1971 probation order when he left his last known residence in January 1977 and failed to submit monthly probation reports for December 1976 and January 1977. The district court revoked his probation on May 31, 1988.

The district court resentenced Payseur on his 1971 federal convictions on June 6, 1988. The court found Payseur no longer amenable to the YCA and imposed a three-year adult prison term, to be served consecutively to the fifteen-year sentence imposed in the Eastern District of California.

## DISCUSSION

■ The legality of a sentence imposed by the district court is a question of law reviewed de novo. *United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988).

The YCA authorized the district court to sentence a youth offender, "in lieu of the penalty of imprisonment otherwise provided by law," to the custody of the Attorney General for an indeterminate period of treatment and supervision until he is discharged. *See* 18 U.S.C. § 5010(b).

■ The YCA incorporated the Probation Act, 18 U.S.C. § 3653 (repealed 1986). *See* 18 U.S.C. § 5023(a); *Ralston v. Robinson*, 454 U.S. 201, 215 n. 8, 102 S.Ct. 233, 243 n. 8, 70 L.Ed.2d 345 (1981). The Probation Act provided that a probationer may be arrested pursuant to a warrant for violation of probation. 18 U.S.C. § 3653. It further provided that

[a]s speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sen-

tence which might originally have been imposed.

*Id.*

This court has held that where a YCA sentence has been imposed and execution suspended, and the district court is acting solely under the revocation powers granted it by the Probation Act, the court "may order that the sentence previously imposed be executed or that a lesser sentence be served. A court may not, however, increase the sentence previously imposed." *United States v. Won Cho,* 730 F.2d 1260, 1271 (9th Cir.1984) (en banc). For purposes of the Probation Act, an adult sentence is greater than a YCA sentence of equal length. *Id.* at 1269. When a federal district court is "acting pursuant to its sentencing authority—i.e., in connection with the imposition of an adult sentence for a subsequent crime," however, the YCA authorized it to convert the remainder of the YCA sentence to an adult sentence. *Id.* at 1270; *see Ralston,* 454 U.S. at 213, 102 S.Ct. at 241–42.

▆▆▆▆ Here, the district court was not sentencing Payseur in connection with the imposition of a sentence for an adult crime. Payseur already had been sentenced in the Eastern District of California for his subsequent federal offense. Rather, the district court was acting under the revocation powers granted it by the Probation Act. Thus, Payseur argues, under *Won Cho* the district court could order only that the sentence previously imposed under the YCA be executed, or that a lesser sentence be served. *See Ralston,* 454 U.S. at 213, 102 S.Ct. at 241–42.

We decline to interpret *Won Cho* so narrowly. Congress' intent in the YCA was "that a court ... may require a youth offender to serve the remainder of a YCA sentence as an adult after the offender has received a consecutive adult term." *Id.* at 214, 102 S.Ct. at 242. The YCA did not require the original sentencing judge to make an *"irrevocable* determination of segregation or treatment needs," nor did it "preclud[e] a subsequent judge from redetermining those needs in light of intervening events." *Id.* at 211, 102 S.Ct. at 240

(emphasis in original). A "second judge" was implicitly authorized to make a finding that a defendant would not benefit from YCA treatment during the rest of the YCA term, or during his consecutive sentence. *Id.* at 213–14, 102 S.Ct. at 241–42. The judge who imposed the original YCA sentence, as did the district judge in this case, would seem at least as well suited to make that finding.

No subsequent case imposes a requirement that the federal judge revoking probation and converting the YCA sentence to an adult sentence be the same district judge who imposes the sentence for the subsequent adult offense. *See United States v. Davison,* 856 F.2d 1289, 1291–92 (9th Cir.1988) (interpreting *Won Cho* to hold that judges were authorized "to convert a YCA sentence only when the offender *had been* convicted in federal court of an additional offense") (emphasis added). The rationale in *Won Cho* does not compel such a requirement. In *Won Cho,* the defendant was convicted of a subsequent crime in state court. This court found that the state court conviction was insufficient to justify the conversion of the YCA sentence into an adult sentence:

> [A] YCA sentence may be converted to an adult sentence only when a district court has convicted the youth offender of an additional criminal offense.
>
> . . . .
>
> ... Extending the *[Ralston v.] Robinson* exception to cases in which there has been a subsequent *state* conviction may well not accord with Congress' apparent intention that the authority to change the initial sentence ordinarily be exercised by the judge imposing the adult sentence for the second crime: state judges clearly cannot increase the severity of a federal sentence. Moreover, there is a broad range of state, county, and municipal offenses. Authorizing federal courts to increase punishment for a federal offense on the basis of a subsequent state conviction might require federal judges to become unnecessarily involved in determining state-law issues.... [Q]uestions of federal policy would exist with

respect to how to deal with differing state treatment of similar offenses for purposes of federal sentencing. The potential problems that might arise were we to extend *[Ralston v.] Robinson* to state convictions persuade us that we would need a far clearer signal from Congress in order to do so.

*Won Cho,* 730 F.2d at 1270–71 and 1272 n. 16 (emphasis added).

These potential problems need not concern us when the subsequent conviction is in a federal court. We see no reason why the federal judge who initially imposed the YCA sentence cannot, when revoking probation, convert the sentence to an adult sentence where there has been an intervening federal conviction and adult sentence. There is no logical distinction between the authority of the original sentencing judge and that of the federal judge who imposes the subsequent federal sentence. We therefore hold that Payseur's conviction and sentence as an adult for additional federal offenses authorized the district court to convert his YCA sentence into an adult sentence.

█ The question remains, however, whether the sentence imposed by the district court is impermissibly longer than Payseur's original sentence. Youths sentenced under 18 U.S.C. § 5010(b) must be discharged unconditionally on or before six years from the date of conviction. 18 U.S.C. § 5017(c). A YCA sentence is deemed to run continuously from that date, including time spent on probation. *Won Cho,* 730 F.2d at 1265. A sentence may run longer than six years only if all or a portion is tolled because the youth is on court-ordered bail, has absconded from probation supervision, or some other exception applies. *Id.* at 1265–66.

In the normal course of events, Payseur's sentence could not have extended beyond December 8, 1977, six years after the date of his YCA sentencing.[1] The running of his sentence, however, was tolled by several events: the nearly three years he was out on bail pending appeal, *see* 28 C.F.R. § 2.10(c)(1) (1977), and the nine years and four months he was in abscondence from his probation. *Id.* at (c)(3).[2] When Payseur was arrested by California authorities in May 1986, he had served only approximately two years and one month of his YCA sentence.

The question remains whether Payseur's state custody tolls his YCA sentence, an issue the court in *Won Cho* expressly declined to address. *Won Cho,* 730 F.2d at 1266 n. 5. Even if state custody tolled his sentence, it is also unclear whether Payseur's YCA sentence began to run again upon his conviction and sentencing for the subsequent federal offense, upon his return to federal custody, or at some other date.

Appellate review of these issues, which have not been briefed by the parties, would benefit from the perspective of an experienced district court judge. We therefore remand for consideration by the district court whether the three-year term of adult custody exceeded the unexpired portion of Payseur's YCA sentence. To the extent, if any, that it does exceed that period, the sentence shall be set aside.

AFFIRMED IN PART AND REMANDED.

---

**1.** For the purpose of calculating a sentence under the YCA, the date of conviction is " 'the date the judgment or sentence was imposed.' " *Won Cho,* 730 F.2d at 1265 n. 4 (quoting Bureau of Prisons, *Sentence Computation Manual,* ch. 7620.1 at 1–2 (Jan. 9, 1974)).

**2.** 28 C.F.R. § 2.10(c)(3) became effective September 30, 1977, nine months after Payseur

absconded. His abscondence nevertheless tolls his sentence. *See Henrique v. United States Marshal,* 653 F.2d 1317, 1320–22 (9th Cir.1981) (section providing that abscondence tolled YCA sentence codified existing policy and may be applied to YCA offender who absconded before its effective date), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1452, 71 L.Ed.2d 664 (1982).