UNITED STATES of America,
Plaintiff–Appellant,

v.

BLUE MOUNTAIN BOTTLING CO. OF WALLA WALLA, d/b/a 7–Up Bottling Co. of Walla Walla, also d/b/a 7–Up Bottling Co. of Tri–Cities, Defendant–Appellee.

UNITED STATES of America,
Plaintiff–Appellant,

v.

COCA–COLA BOTTLING CO.—YAKI-MA, also d/b/a Coca-Cola Bottling Co.—Tri Cities, Defendant–Appellee.

UNITED STATES of America,
Plaintiff–Appellant,

v.

PEPSI–COLA BOTTLING COMPANY OF WALLA WALLA, Pepsi–Cola Bottling Company of Pasco, Defendants–Appellees.

Nos. 90–30075, 90–30077 and 90–30078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1991.

Decided April 4, 1991.

John J. Powers III, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Leslie R. Weatherhead, Witherspoon, Kelley, Davenport & Toole, Spokane, Wash., for defendants-appellees.

Jeffrey C. Sullivan and Janet Foster Goodwill, Yakima County Pros. Atty.'s Office, Yakima, Wash., for amici curiae.

Before WRIGHT, BRUNETTI and LEAVY, Circuit Judges.

BRUNETTI, Circuit Judge:

The United States appeals from the sentences imposed on corporate defendants who pled guilty to violations of the Sherman Act. We vacate the sentences and remand to the district court for resentencing.

### I.

The facts of this case are not in dispute. In October 1989, the United States filed informations against four soft drink bottling companies and two individuals, charging them with engaging in combinations and conspiracies to fix the prices of bottled and canned soft drinks distributed in Washington and Oregon in violation of the Sherman Act, 15 U.S.C. § 1. All defendants pled guilty, and were sentenced on January 10, 1990. The imposition of sentences of imprisonment on the individual defendants was suspended, and the defendants were placed on probation for five years. The special conditions of probation included the performance of community service [1] and fulfilling their commitment to see that the fines and penalties imposed on the corporate defendants were paid. Each of the corporate defendants was placed on probation for a period of five years, "upon the usual terms and conditions." Additionally, each corporate defendant was required as a special condition of probation to "cooperate ... with the Government in connection with its investigation of anti-trust violations," and to pay fines to the United States. Finally, as a special condition of probation, the defendants were required to pay the following sums as what the district court called a monetary payment into a fund created and described by the district court: Blue Mountain—$185,000; Coca-Cola—$150,000; Pepsi-Cola of Walla Walla—$115,000; Pepsi-Cola of Pasco—$210,-000. The monetary payment was to be distributed to specific local substance abuse organizations.[2] These organizations, which argued the case as amici curiae, are public entities run by local governments with local, state, and federal tax dollars.

The United States objected to the imposition of a monetary payment, but the district court declined to amend its sentencing order. The United States now appeals from the imposition of these sentences. We have jurisdiction pursuant to 18 U.S.C.

---

1. Defendant Pelo was required to perform 200 hours of community service, while defendant Trammel was required to perform 300 hours of community service.

2. The $660,000 payment was ordered to be dispensed by the Clerk of the Court as follows: Walla Walla Substance Abuse Task Force—$160,000; Benton–Franklin Substance Abuse Coalition—$125,000; Tri–Cities Metro Drug Enforcement—$125,000; Yakima County Coalition for the War on Drugs—$250,000.

§ 3731. *See United States v. Van Moos,* 660 F.2d 748, 749 (9th Cir.1981).

## II.

■ The legality of a sentence imposed by the district court is a question of law reviewed de novo. *United States v. Payseur,* 905 F.2d 291, 293 (9th Cir.1990).

The Federal Probation Act (§ 3651), reads in relevant part:

> [A]ny court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
>
> .  .  .  .  .
>
> While on probation and among the conditions thereof, the defendant—
>
> May be required to pay a fine in one or several sums; and
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
>
> May be required to provide for the support of any persons for whose support he is legally responsible.

18 U.S.C. § 3651 (Repealed by Pub.L. 98–473, Oct. 12, 1984).[3]

■ A sentencing judge has broad discretion to set probation conditions. *United States v. Mitsubishi Int'l Corp.,* 677 F.2d 785, 788 (9th Cir.1982). This discretion is limited by the requirements that the terms and conditions of probation be primarily designed to meet the goals of rehabilitation of the defendant and the protection of the public, and that the maximum sentence prescribed by statute cannot be increased by the terms of probation. *Id.*

This circuit has recognized that special problems are inherent in the criminal punishment of corporations. In *Mitsubishi,* we noted that because corporations cannot be sentenced to prison time, sentences between corporate and individual defendants may be disparate, and "creative terms of probation" may be required to rectify this disparity while seeing that the punishment of criminals is effected. 677 F.2d at 787.

In *Mitsubishi,* the district court sentenced each corporate defendant to the maximum fine of $20,000 for violations of the Elkins Act. This sentence was suspended and the defendants were placed on probation on condition of paying the minimum statutory fine, loaning a corporate employee to a community service program, and contributing funds to said program. The defendants argued that the probation terms were more punitive than the maximum fine. The case turned on the fact that the defendants could choose to accept the terms of probation or elect to pay the fine imposed. "The probationary terms merely provide an alternative which the appellants may elect in order to avoid paying those fines." 677 F.2d at 789. The holding of *Mitsubishi* is limited to the validation of the district court's probationary conditions. We agree with the Eighth Circuit's reading of *Mitsubishi* as a case that did not address whether the terms of probation were proper in and of themselves. "The court expressly declined to consider whether the terms of probation were themselves proper.... *Mitsubishi* therefore does not hold that the probation statute authorizes monetary payments to nonaggrieved third parties." *United States v. Missouri Valley Construction Co.,* 741 F.2d 1542, 1549 n. 8 (8th Cir.1984) (citation omitted).

The United States specifically challenges the validity of the terms of probation, and we now reach the question *Mitsubishi* did not address: whether monetary payments to nonaggrieved third parties are a permissible term of probation.

## III.

■ The language of § 3651 does not authorize a monetary payment to third par-

---

**3.** Though this section was repealed in 1984, it is applicable to offenses committed prior to November 1, 1987. The informations charged defendants with offenses committed between January 1985 and either September or November 1985.

ties. This circuit has consistently declined to use the otherwise general language of § 3651 to broaden the scope of the three monetary assessments listed in § 3651. *See, e.g., United States v. Jenkins,* 884 F.2d 433, 439 (9th Cir.), *cert. denied* —— U.S. ——, 110 S.Ct. 568, 107 L.Ed.2d 562 (1989) (remanding restitution order because restitution amount was not related to the damages suffered by the aggrieved parties); *United States v. Weir,* 861 F.2d 542, 546 (9th Cir.1988), *cert. denied* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989) ("Restitution awarded under the [Federal Probation Act] must relate to losses sustained by the victim as a result of the offense of which the defendant was actually convicted.").

Here, the district court justified the monetary payments as restitution to the community. The Probation Act allows the sentencing court to require the defendant to "make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which the conviction was had." 18 U.S.C. § 3651. The amici organizations that would receive the monetary payments were not specifically aggrieved by defendants' actions. Defendants were convicted of price-fixing in the bottling industry; amici are organized to combat drug and substance abuse problems in the area. The price-fixing crime and the drug and substance abuse programs (the amici programs) are in no way related. The restitution condition of a monetary payment of $660,000 is therefore "improper because that sum is not a 'loss caused by the offense for which conviction was had.'" *Jenkins,* 884 F.2d at 439 (quoting § 3651).

The law of this circuit requires that restitution orders meet the explicit requirements of § 3651. *See Jenkins,* 884 F.2d at 439; *United States v. Tyler,* 767 F.2d 1350, 1351–52 (9th Cir.1985); *United States v. Green,* 735 F.2d 1203, 1205–06 (9th Cir. 1984).

Amici argue that defendants' crimes caused losses to the public at large, and that the restitution award was therefore appropriate. The monetary payments, however, would not be distributed to the public at large, or to any specific group of consumers who might have been injured by the price-fixing scheme. Therefore, the law of this circuit does not support amici's arguments, and the monetary payments cannot be sustained on this ground.

Because no ascertainable standards have been enunciated to determine how district courts should decide which individuals or organizations should receive these funds, the judiciary should not take upon itself the role of selecting beneficiaries of defendants' crimes. Though fines and prison terms are both within the broad discretion of the sentencing judge (at least as to crimes committed before the effective date of the Sentencing Guidelines), maximums have been set for both of those types of penalties. By contrast, there was no statutory limit to the assessment imposed by the district court here. "The involvement of the courts in the selection of the recipients of such benefits raises, additionally, the prospect of conflicts of interest and unnecessary criticism of the courts." *Missouri Valley,* 741 F.2d at 1544; *see also United States v. Wright Contracting,* 728 F.2d 648, 653 (4th Cir.1984).

The sentences imposed in this case cannot be supported under § 3651 of the Probation Act.

## IV.

■ At oral argument, the United States and amici agreed that if the probationary terms were improper, this court should remand the case to the district court for resentencing. Appellees, however, have urged us either to strike the monetary payments from the sentence, or to remand to the district court with instructions to modify the sentences in that manner.

■ The appropriate remedy for a sentence imposed in excess of the sentencing court's authority is to vacate the entire sentence and remand for resentencing. *See Jenkins,* 884 F.2d at 441 (district court should have an opportunity to reconsider all parts of the "sentencing package" when only the restitution portion of a sentence is

vacated). Accordingly, we remand this case to the district court for resentencing in accordance with this opinion.

VACATED AND REMANDED.