**UNITED STATES of America, Plaintiff,**

v.

**Norman Leon VROMAN, Defendant.**

**No. CR–91–0213 EFL.**

United States District Court,
N.D. California.

July 16, 1992.

---

term of probation to run consecutively to the term of imprisonment.[1]

As one of the terms of probation, the Court ordered Mr. Vroman to file income tax returns and comply with federal tax laws in general. However, by declaration dated January 8, 1992, Mr. Vroman stated that "I do not wish to accept this probationary sentence, and it is my request that the court resentence me in another manner provided by law." Mr. Vroman's Motion to Modify and Terminate Probation was denied by this Court on January 17, 1992.

Defendant has filed a motion for reconsideration, reiterating that he cannot abide by the conditions of probation. The precise issue presented in Mr. Vroman's motion for reconsideration is whether or not a convicted criminal defendant has an absolute right to reject the imposition of probation and demand sentencing in some other manner. The Court notes that this question has never been squarely addressed in this particular posture in the Ninth Circuit.

Erik P. Doerring, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Mark Rosenbush, San Francisco, Cal., for defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

LYNCH, District Judge.

### BACKGROUND

Defendant Norman Vroman was convicted in this Court by a jury on five counts of tax related charges. On November 22, 1991, the Court sentenced Mr. Vroman to a five year term of probation for count one. Mr. Vroman was sentenced to a seventeen month term of imprisonment for counts two through five. The Court ordered the

### DISCUSSION

Mr. Vroman's request for reconsideration requires consideration of two separate issues: (1) may the Court modify his sentence; and (2) is the Court *required* to modify it because of Mr. Vroman's stated preference to avoid probation.

### 1. Does the Court Have the Authority to Modify Defendant's Sentence.

Rule 32.1(b) of the Federal Rules of Criminal Procedure permits the Court to entertain requests for the modification of conditions of probation. Additionally, 18 U.S.C. § 3651 (now repealed), which applied to Mr. Vroman's offenses, specified that "[t]he court may revoke or modify any condition of probation, or may change the period of probation."[2] Thus, it is clear

---

**1.** More specifically, Mr. Vroman received five years of probation for his conviction on count one (failure to file—1986). This term of probation was set to run after Mr. Vroman's term of incarceration. Mr. Vroman received a term of imprisonment for one year for count two (failure to file—1987); and a term of five months imprisonment for counts three to five (failure to file—1988 to 1990). The five month term was

set to run consecutively to the one year term, resulting in a term of seventeen months imprisonment.

**2.** The code section presently in effect similarly provides:

[t]he court ... may ... terminate a term of probation previously ordered and discharge the defendant at any time in the case of a

that this Court has the authority to modify Mr. Vroman's probation.

### 2. Is the Court Required To Modify Defendant's Sentence.

■ In arguing that the Court is required to forego probation at a defendant's request, Mr. Vroman principally relies on two cases: *United States v. Mitsubishi Int'l Corp.*, 677 F.2d 785 (9th Cir.1982); and *United States v. Smith*, 414 F.2d 630 (5th Cir.1969), *rev'd on other grounds sub nom. Schacht v. United States*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970).

In *Mitsubishi*, a defendant corporation challenged its sentence on appeal, contending that the conditions of probation imposed were more punitive than the maximum penalty permitted by law. The Ninth Circuit rejected that argument as factually incorrect. Additionally, the Ninth Circuit relied upon what is essentially an estoppel argument, and noted that the defendant could have rejected probation at the time of imposition. In doing so, the Ninth Circuit stated that "[a] defendant generally may reject probation and elect to have sentence imposed." *Mitsubishi*, 677 F.2d at 788.

*Mitsubishi* cited three cases for this proposition: *United States v. Pierce*, 561 F.2d 735, 739 (9th Cir.1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *United States v. Smith*, 414 F.2d 630, 636 (5th Cir.1969), *rev'd on other grounds sub nom. Schact v. United States*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); and *Schwab v. Coleman*, 145 F.2d 672, 678 (4th Cir.1944).

*Pierce*, the first case relied upon in *Mitsubishi*, does not directly address the issue of whether or not a defendant may reject probation at sentencing and demand some other sentence. The *Pierce* case again concerned a challenge on appeal to the validity of a condition of probation. Also, that condition, that the probationer testify under oath before a United States Attorney, required the probationer to waive some of his fifth amendment rights. Finally, it should be noted that the probationer's challenge in *Pierce* was made upon the revocation of probation for violation of the condition in question. In the final analysis, however, the *Pierce* court simply found that the conditions in question did not excessively infringe upon the probationer's rights.[3]

In *Smith*, the defendant challenged on appeal conditions of probation that intruded upon his first amendment rights.[4] In rejecting that argument, the Fifth Circuit reasoned that defendant "chose to enjoy the benefits of probation; he must also endure its restrictions." *Id.* at 636. Thus, the *Smith* court essentially held that the defendant was barred from challenging the constitutionality of his terms of probation after accepting them below, again on what is essentially an estoppel theory.

It should be noted that prior to *Smith*, the Fifth Circuit had previously spoken to this issue in a posture more similar to the present case. *Cooper v. United States*, 91 F.2d 195 (5th Cir.1937). In *Cooper*, the Fifth Circuit rejected a defendant's demand at sentencing that he not receive probation and instead be immediately sentenced. Rather, the Fifth Circuit concluded that: "We do not agree with appellants' contention that probation, like pardon, may be refused by the convicted person. The [pro-

---

misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. *See* 18 U.S.C. § 3564(c).

**3.** The *Pierce* court noted that conditions of probation that may actually impinge upon constitutional freedoms must be reasonably related to the purposes of the Federal Probation Act. In determining whether or not the conditions are reasonably related, the reviewing court asks: (1) what purpose is to be served by probation;

(2) the extent to which constitutional rights enjoyed by law abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement. *Pierce*, 561 F.2d at 739.

**4.** The sentencing court had required the defendant to "'forego any association whatever with the Students for Democratic Society organization,' and to 'Discontinue [defendant's] association with the members of the Humanists group with which [defendant] violated the law.'" *Smith*, 414 F.2d at 636.

bation] act vests a discretion in the Court, not a choice in the convict." [5]

Notably, the *Smith* court neither overruled, nor even mentioned *Cooper.* As a result of the continuing vitality of these two apparently contradictory cases, it may be possible to infer that the cases address substantially different issues. In other words, *Smith* appears to stand for the proposition that a probationer is estopped from challenging *on appeal* conditions of probation that impact upon the probationer's constitutional rights. *Cooper*, on the other hand, stands for the proposition that decisions at sentencing regarding the sentence to be imposed are the exclusive province of the court, and not the defendant.

In fact, the Fifth Circuit has revisited this issue after *Smith* in *United States v. Howard*, 577 F.2d 269 (5th Cir.1978). In *Howard*, the court held that suspending a sentence for the purpose of imposing probation does not violate a defendant's sixth amendment rights to a speedy trial. In doing so, the court stated that "the defendant has no right to refuse probation and demand an immediate sentence." *Howard*, 577 F.2d at 271 (quoting *Cooper*, 91 F.2d 195). As a result, the persuasiveness of *Smith* for the present case is limited by *Cooper* and *Howard,* which not only continue in vitality, but more directly address the issue in question.

Finally, the *Mitsubishi* court relied upon *Schwab v. Coleman*, 145 F.2d 672 (4th Cir. 1944). *Schwab* concerned an application for a writ of mandamus that certain aliens sought to compel a district court to pass upon their petitions for naturalization. The Fourth Circuit noted that mandamus served in part to protect litigants from having their right to appeal defeated. As such, the court noted by analogy that if a criminal defendant "objects to probation and desires a sentence from which he can appeal for the purpose of reviewing the trial, all that he need do is ask that sentence be imposed." *Schwab*, 145 F.2d at 678.

As a result, the *Schwab* court held that it is *discretionary* with the trial court as to whether or not the sentence itself should be suspended, or whether its execution should be suspended. In either case, however, "it would unquestionably amount to an abuse of … discretion … for the judge to refuse to impose sentence when requested by one who desired a final judgment from which he might prosecute an appeal." *Id.* As nothing prevents Mr. Vroman from appealing matters relating to his trial or his sentence, *Schwab* offers no support for his arguments.

The Court also notes that the Seventh Circuit has recently addressed these issues. More specifically, both *United States v. Alexander*, 743 F.2d 472 (7th Cir.1984) and *United States v. Warner*, 830 F.2d 651, 657 (7th Cir.1987) repeated the broad language in *Mitsubishi* while rejecting challenges to certain conditions of probation on appeal. Neither case, however, addressed the precise issue raised by Mr. Vroman.

Both cases have, however, been repudiated in their circuit of origin by *United States v. Thomas*, 934 F.2d 840 (7th Cir. 1991), a case not only strikingly similar to the present case on its facts, but one that *does* speak to the precise issue raised in the present motion for reconsideration. In *Thomas*, the Seventh Circuit acknowledged that the language in *Mitsubishi*, although quoted in *Alexander* and *Warner*, did not address the specific question of a defendant's absolute right to reject probation at sentencing.

The *Thomas* case asserted that "*Mitsubishi* itself offers no real reasoning" and that the cases cited in *Mitsubishi* were not helpful. *Thomas*, 934 F.2d at 844.

Rather, *Thomas* saw *Cooper* and *Howard* as the preferable view when the issue was *who* decides what sentence must be imposed. The court noted that "a defendant is normally quite biased regarding the manner in which he or she should be sentenced." *Id.*

---

**5.** Interestingly, the *Cooper* case involved defendants who were convicted of tax charges related to liquor laws. The conditions of probation simply required the defendants to comply with all applicable federal and state laws.

In *Thomas*, the district court required the defendant to comply with the general conditions of probation, including the requirement that he file income tax returns. Defendant Thomas, like Mr. Vroman, was a tax protester. However, the *Thomas* court held that even if the defendant found the conditions objectionable, "he would have an obligation to obey [tax laws] regardless of whether he was on probation." *Id.* at 845. In other words, the court held that "obligations that fall on an average citizen cannot provide a basis for a defendant's right to reject probation." *Id.*

Thus, the Seventh Circuit has determined, and this Court agrees, that the key question is how onerous the conditions of probation actually are. Where they may intrude upon a probationer's constitutional rights or are otherwise burdensome, a defendant's argument that one should have the option to reject them is more compelling. Where the conditions simply require the defendant to obey neutral laws and regulations that he or she would be required to obey in any event, defendant's argument fails.

■ This interpretation of the case law is consistent with the notes following Federal Rule of Criminal Procedure 32.1(b), upon which Mr. Vroman relies. The notes to Rule 32.1(b) state that

> The probationer should have the right to apply to the sentencing court for a clarification or change of conditions . . . This

avenue is important for two reasons: (1) the probationer should be able to obtain resolution of a dispute over an ambiguous term or the meaning of a condition without first having to violate it; and (2) in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification.[6]

Thus, the notes to Rule 32.1(b) make clear that modifications of probation are principally used to *clarify* ambiguous terms so that the probationer may avoid violating those terms. As previously stated, there is nothing ambiguous about the terms of Mr. Vroman's probation—they are the same obligations that befall all citizens, like it or not, every April.[7]

Additionally, there is nothing onerous about these terms. Finally, these terms do not ask Mr. Vroman to surrender any civil rights or liberties in exchange for probation. Thus, Rule 32.1(b), consistent with the case law, provides him with no support.

Finally, as the *Thomas* court noted, "it is beyond cavil that society's interest in seeing [defendant] comply with the income tax laws would suffer if he were allowed to reject probation." *Thomas*, 934 F.2d at 845. In short, under the circumstances presently before the Court, Mr. Vroman cannot claim an absolute right to reject probation.[8]

---

6. Note 32.1(b) also provides that "[p]robation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation. This flexibility is inapplicable to the present case. There have been no changed conditions that warrant a change in the conditions of probation. On the contrary, Mr. Vroman still repudiates his obligation to pay taxes, the same offense for which he was convicted.

7. It should be noted that at oral argument the Court did modify the terms of probation in that any requirement that Mr. Vroman hire an accountant was deleted. As such, there can be no credible argument that the terms of probation single Mr. Vroman out for onerous treatment or ask him to surrender any rights or privileges.

8. The government also argues that Mr. Vroman's request for sentencing is based less upon principle, and more upon a calculating manipulation of certain sentencing guidelines. Specifically, the government contends that Mr. Vroman is aware that under 28 C.F.R. Ch. 1, part 2, § 2.20 ("Guidelines For Decision–Making"), he will not serve any additional prison time if count one is converted from probation to incarceration.

The Court, however, finds this argument unpersuasive. As discussed above, the purposes of probation are varied. While probation is not punitive, it does allow the government to incarcerate a probationer who fails his or her conditions of probation more summarily than a citizen who is not on probation.

In this case, the conditions of probation are designed to insure that Mr. Vroman pay his taxes and file his returns. They are not punitive, and the Court finds any argument as to Mr. Vroman's purportedly calculating motives irrelevant.

## CONCLUSION

Accordingly, the Court has determined that Mr. Vroman does not have the absolute right to reject probation and demand that he be sentenced in some other manner. Where the terms of probation are neither onerous nor ambiguous and do not ask the defendant to surrender any constitutionally protected rights or liberties, the defendant possesses no right to reject the court's sentence. As a result, the defendant's motion for reconsideration must be DENIED.

IT IS SO ORDERED.