UNITED STATES of America,
Plaintiff–Appellee,

v.

Norman Leon VROMAN,
Defendant–Appellant.

No. 92–10437.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 1993 *

Decided June 30, 1993.

Mark Rosenbush, San Francisco, CA, for defendant-appellant.

Rory K. Little, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.

PER CURIAM:

Norman Vroman appeals the district court's denial of his motion for reconsideration of the court's initial denial of his motion "to modify and terminate" probation. *See United States v. Vroman,* 795 F.Supp. 324

(N.D.Cal.1992). We vacate the district court's judgment because the court lacked jurisdiction over Vroman's motion.

Vroman was convicted by a jury of five counts of willfully failing to file tax returns in violation of 26 U.S.C. § 7203, and was sentenced to 17 months imprisonment to be followed by five years of probation. He immediately filed a notice of appeal, stating that he was appealing his conviction and sentence. Vroman did not challenge his sentence in his direct appeal. *See United States v. Vroman,* 975 F.2d 669 (9th Cir.1992). In fact, Vroman did not even object to the imposition of probation at sentencing. Later, however, he chose to file a motion "to modify and terminate probation" while his direct appeal to the Ninth Circuit was pending. The district court entertained but denied this motion, as well as Vroman's motion for reconsideration. In denying Vroman's motions, the district court refused to follow language from *United States v. Mitsubishi Int'l Corp.,* 677 F.2d 785, 788 (9th Cir.1982) indicating that defendants generally have the right to refuse probation and elect a sentence of imprisonment; instead, the district court relied upon *United States v. Thomas,* 934 F.2d 840 (7th Cir.1991), which held that convicted defendants do not have such a right. Vroman now appeals the district court's denial of his motion for reconsideration.

The district court was without jurisdiction to respond to Vroman's motion for reconsideration because he filed it after having filed a notice of appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (filing of notice of appeal "divests the district court of its control over the aspects of the case involved in the appeal"); *see also United States v. Ortega–Lopez,* 988 F.2d 70, 71 (9th Cir.1993) ("district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence").

The district court's judgment is therefore VACATED.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.