34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert A. CLAPP, Defendant-Appellant.
 No. 93-10624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Clapp appeals his 27-month sentence imposed following entry of a guilty plea to conspiracy to smuggle steroids into the United States, in violation of 18 U.S.C. Secs. 371, 545, and fraud and false statements made under the penalties of perjury, in violation of 26 U.S.C. Sec. 7206(1). Clapp contends the district court erroneously believed it did not have discretion to depart downward from the applicable United States Sentencing Guidelines sentencing range based upon his extraordinarily good character. He also argues the district court erred by applying the wrong section of the Guidelines when calculating his offense level. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 As a preliminary matter, we must address the question of our jurisdiction to consider these issues. The government contends that Clapp waived his right to appeal any sentencing issues as part of his plea agreement. It is well established that a defendant may waive his appeal rights as a condition of his plea agreement. See, e.g., United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 813, 821 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 In response to the government's earlier motion to dismiss this appeal, we concluded that the "colloquy between the district court and [Clapp] reflects an intent to preserve a limited appeal on the district court's authority to depart downward for good character." See United States v. Clapp, No. 93-10624 (9th Cir. Feb. 10, 1994) (order denying motion to dismiss appeal). The government urges us to reconsider this conclusion in light of the district court's November 22, 1994, order denying Clapp's request for reconsideration of sentence. In this order, the district court arguably, though not conclusively, found that Clapp waived all of his appeal rights as a condition of his plea.
 
 
 5
 The district court, however, was without any jurisdiction to consider this or any other issue relating to Clapp's sentence as Clapp had filed his notice of appeal prior to making his motion for reconsideration of sentence. See United States v. Vroman, 997 F.2d 627, 627 (9th Cir.1993) (district court without jurisdiction to hear motion for reconsideration of sentence filed after filing of notice of appeal). Recognizing this, we vacated the district court's order in companion appeal No. 93-10735. See United States v. Clapp, No. 93-10735 (9th Cir. Feb. 10, 1994) (order dismissing appeal as moot). Accordingly, the district court order is without any effect and fails to provide a basis for reconsidering our prior decision on the scope of Clapp's appeal waiver.
 
 
 6
 Nonetheless, the appeal waiver is effective as to all issues except for the limited question of the permissibility of a downward departure based on the defendant's good character. We are without jurisdiction, therefore, to consider the other issue raised on appeal by Clapp. See Bolinger, 940 F.2d at 480.
 
 
 7
 Where, as here, the district court refuses to depart downward on the basis that it lacks discretion to do so and indicates that it would depart if permitted to do so, we review de novo the legal conclusion that the Guidelines preclude departure. See United States v. Brown, 985 F.2d 478, 481 (9th Cir.1993).
 
 
 8
 Clapp requested a downward departure based upon his good character, history of contributions to his community, and future potential for such contributions. U.S.S.G. Sec. 5H1.11 provides that "civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." We have previously held that the use of the "ordinarily relevant" language "indicates that the [Sentencing C]ommission intended these factors to play a part in some cases, albeit a limited number." United States v. Garza-Juarez, 992 F.2d 896, 913 (9th Cir.1993). In order to qualify for the departure, however, the factor must be present to an extraordinary degree. United States v. Anders, 956 F.2d 907, 912 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993). Thus, the district court did not lack authority to depart if the factors set out in section 5H1.11 are present to an extraordinary degree.
 
 
 9
 The basis for Clapp's request for downward departure was his past and potential future role as a coach and mentor to athletically inclined individuals, including at-risk and underprivileged youths. In this capacity, he touched a great many lives and developed a loyal group of admirers, many of whom wrote to the district court and vouched for his importance to the community and his good character. He also used this position to distribute illegal steroids to numerous athletes over at least a two-year period. Throughout the proceedings before the district court, Clapp justified his actions by stating that steroids merely enhance athletic performance and that there exists no clinical proof that they are actually physically harmful.
 
 
 10
 On the other hand, and leaving aside the truth of Clapp's claims regarding the harmlessness of steroids, Clapp's actions indicate his contempt for the rule of law and belief that he need obey only those laws with which he agrees. His claim that he was merely helping athletes reach their potential is hardly on a par with the good works of the defendant in United States v. Takai, 941 F.2d 738 (9th Cir.1991), to whom Clapp compares himself. Hiroyasu Takai sought no pecuniary gain from his crime. Id. at 741. Furthermore, Takai's charitable acts were entirely separate from any criminal activity and involved aiding victims of crime and earthquake at considerable expense to himself. Id. In contrast, Clapp not only made several hundred thousand dollars from his criminal activity and failed to pay taxes on that money, there is no indication that his alleged good deeds came at any expense to himself.
 
 
 11
 Because prior good works may provide a basis for downward departure in the instant case, we remand to the district court solely for the purpose of determining whether Clapp's works, as evidenced by his actions, were so extraordinarily "good" as to justify departure on that basis. Should the district court so find, it may depart on that basis. Cf. Garza-Juarez, 992 F.2d at 913. Clapp may argue no other issues on remand.
 
 
 12
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3